Good morning, your honors. May it please the court, I'm David Glasser from Camden, Maine. I represent Alan Klukey, the appellant. This is the second appeal of this case from the District Court of Maine. In the first case, the court was asked to determine whether the complaint stated a cause of action for a federal civil rights claim based on a municipal employment contract. The court was asked to determine whether the complaint, as pleaded, stated a contract that gave Mr. Klukey unconditional rights to employment in the way of a recall to town employment from a layoff. There are two components to this case. This appeal is an appeal from a summary judgment issued by the District Court based upon contract language. And under summary judgment standards, the moving party in the summary judgment for contract interpretation is not entitled to summary judgment because they may have the better or more preferred interpretation of the contract. They have to have the only plausible interpretation of the contract. Mr. Glasser, you spend a good bit of time in your brief arguing that the town of Camden was not entitled to argue to the District Court that the provision at issue here, this condition preceding provision that was the basis for the District Court's decision. You argue that the town was not permitted to make that argument by the terms of our mandate, by a theory of waiver, and yet it appears that you explicitly stipulated that that is an issue that is appropriate for the District Court to address below. So how do you reconcile that stipulation with the position that you now take on appeal that the town should not even have been able to advance that argument before the District Court? Our position, Your Honor, was that the issue could be appropriate for summary judgment, not that it necessarily should be. And as a plaintiff's counsel in a contract case, I have to look at the fact that down the road this argument may be advanced at trial. And it is a good idea to get the legal issues, if they exist, out of the way first, and that's where summary judgment is appropriate. Turns out that I was perhaps, or the appellant was perhaps a little prescient in doing that because here we are. The issue, it was advanced by the town that this was the only interpretation for the contract was that it was an exchange of Mr. Kluge promising to give notice of his address to the town in exchange for recall rights. That if we hadn't addressed this on summary judgment, then this issue probably would have appeared somewhere at the trial. And it should not have been a triable issue. So we got the legal determination. It's going to be a legal or a factual determination. So this way we would have gotten the factual determination out of the way. I mean the legal interpretation out of the way. I'm sorry. And it was a matter of saying to the court, okay, this matter is brought to you, but you can't decide it. It seems odd, but the court said we can decide it. So it seems that in the long term we were right in doing what we did. The court said we have the right to decide this issue. We're going to disregard Kluge 1. And I don't think it was because we stipulated to any issue. I think it's because the court misapprehended the effect of Kluge 1. Independent of Kluge 1, you still think you win? Yes. Just want to flesh out why? Because a contract is an exchange of promises. And the promise in this case was that the town would have the right to lay off Mr. Kluge in an exchange. Mr. Kluge would have recall rights. Once that's established, due process kicks in as per Kluge 1 and then you get to the Matthews type issues. The exchange of promises was not that Mr. Kluge would give his address on a piece of paper, the address that the town already had by the way, on a piece of paper to the town manager and in exchange for that he would be given a job or a right to be recalled to a job. I think that is, we don't even have to argue that's the better contract interpretation, although that might breed Kluge 3, but it's certainly a very plausible contract interpretation. And so what happens is suppose there's an ambiguity at least in the contract as to whether or not it was a condition precedent that he filed the address in advance. You can see it's a condition on it. If he didn't keep up to date as to the address, because it says that directly in the contract, I assume he conceded that. I don't see that, Your Honor. I'm sorry. It states that Mr. Kluge shall file his address with the town clerk. The address was on file. I understand that. If he didn't keep up to date with it by not informing him, the contract at least makes it clear that that's a condition on it. That would be an entirely different case. I think that's arguable. I'm not sure, even though it says it's a condition precedent, when you look at the intent of the contract as a whole, I'm not sure that's a condition precedent. So we'll put that aside for a second just on to whether this initial one is a condition precedent. If we thought it was ambiguous under the statute as to whether or not just looking at the face of the statute under the contract, just on the face of the contract, what does Maine law say we're supposed to do with a facial ambiguity? Do we go to extrinsic evidence immediately? I mean, does it become a fact question just because when you look at the face of the contract it's not immediately apparent how to resolve it? No, it becomes a legal question. Okay, so if it's a legal question when it's ambiguous like this, doesn't that suggest that at summary judgment it's appropriate for us to decide it? And if we think that the ambiguity doesn't go your way, they win. Or are you arguing that because there's an ambiguity they can't win because we'd have to look at extrinsic evidence and therefore summary judgment would be inappropriate for them? Number two, Your Honor. Number two? Yes. Okay, so what in Maine law says that when there's an ambiguity on the face of a contract it becomes a fact question at that point? If there's an ambiguity on the face of the contract, I'm sorry, Maine law says if there's, the court first determines whether a contract is ambiguous as a matter of law. If a contract is ambiguous as a matter of law, then that becomes a fact question. Okay, and does it become ambiguous as a matter of law just because if we look at the face of the words of the contract there's some argument that maybe it goes one way or the other? Or is there something else we're supposed to look at as a matter of Maine law that helps us decide when we go to factual development about the intent of the parties, et cetera? Maine law says that the court looks at the intent, motive, and purpose of the contract and interprets the contract as a whole to give effect to the intent. In any case in which the language isn't plain? In any case in which the language, to determine ambiguity. Okay. Did you see what I'm saying? Then that just means every case is a fact question. Every contract is just a fact issue, which can't be, it seems unlikely that that's true under Maine law. I don't think that every contract is ambiguous. The court looks at the intent of the contract. But I'm just trying to figure out, under Maine law, what makes this ambiguous is just the face of the contract? It's the intent of the contract. And the intent of the contract, the two arguments that stand opposite each other is Mr. Kluge saying that the intent of the contract was to give him recall rights in exchange for his agreeing or his union agreeing to give the town layoff rights. In the first place it was to give the town an economic benefit, where otherwise the contract has an employee who's not an at-will employee. The town has said that the exchange of consideration is Mr. Kluge rewriting his address on a piece of paper, and that that's what the expressed intent is from the contract language. The court then goes to the contract as a whole to say, okay, is there only one way to interpret this contract based on what we define as the intent and purpose of this contract? There's more than one way to do it. Under Maine law, under law generally, the ambiguity question is initially a question of the language. You look at the language at issue, and, yeah, it's an issue of law for the judges to decide whether there is an ambiguity there. And with respect to that issue, I'm trying to understand what is the ambiguity, because the provision at issue, the first words are the affected employee has recall rights. Now, in context, that affected employee refers to an employee who has been laid off. And so the fact that prior to a layoff, there may be a personnel file that has the name and address of the individual. By the terms of this language, it doesn't seem to matter. By the terms of the language, it appears, and you may regard it as a superfluous requirement, but it does appear that once affected, once laid off, the employee does have to file with the town the mailing address and telephone number. What is ambiguous? I guess that's really my question. What is ambiguous about that language? Well, just the verb file. Is file the actual act of writing something on a piece of paper and handing it to the clerk at the instant that you're walking out the door after you got your pen slipped? Or does file mean to make sure that the town manager has on file this information? It sure sounds like it's an act. It shall file. It sounds like it imposes a burden on the employee to take some affirmative act. But he did take the affirmative act of making sure that the town had its correct address. If we go back to Matthews, it's a notice question. Not after the layoff. He did it prior to the layoff. He did it prior to the layoff. So the natural language of that second sentence seems to me that it's talking about a filing that occurs after layoff, not before layoff. But I would have thought your argument would be that since they specifically refer to keeping them apprised of his address as a condition precedent, and they don't use that language with respect to the second sentence, that that's the source of the ambiguity. We argued that in the brief, Your Honor. Thank you. Thank you, Counsel. May it please the Court, Fred Koslow for the Town of Camden. I think it's important to learn a little bit of history of this case. We know we came before you once before in Cookie One, and at that point in time I had my discussions with Counsel about this Article 19, knowing that at some point the issue of whether he filed, gave to the clerk his name and address, or did not was going to be a dispositive issue at some point. So what we decided to do, rather than undergo discovery and a trial, we came to a set of stipulated statement of material fact, and we came to a stipulated set of questions for the Court to address. And in Counsel's brief that he submitted, well, I should say in his motion, because remember this would cross summary judgment motion, so it wasn't just our summary judgment motion, this was coming from both directions. In that brief, he told the Court, and it's on page five, he specifically said the Court is limited to the statement of material facts in its analysis. And we went there with a very specific plan, and that was what we were going to address was that particular language, and we had agreed on what the Court was supposed to do. The Court interpreted the language, I believe, correctly, and that should be the end of it. The issue of the mandate and all these other things were raised much later, and I don't think they have merit in any case, but even Counsel did. It may not be a waiver, but there is something odd by the way in which the town has handled this now. I have looked at the briefs from the previous go-round, and you did advance, not very much, but it's in the brief. You did refer to this condition precedent argument, and in addition, it is an argument that you could have made. It seems to me you, in fact, did try to make that argument as part of your motion to dismiss below, did you not? It was referenced, I think, a line in the brief that that was true. Excuse me, just to finish the question. This is an argument that you could have made pursuant to a motion to dismiss, because I think your theory is that the failure to abide by this condition precedent means that he did not have a property. The property right really never vested because he did not abide by this condition precedent, and hence he failed to state a good due process claim because he never had a property interest in the recall right. You could have done that as part of the motion to dismiss. I mean, this is really sort of the classic piecemeal litigation situation we find ourselves in because of the way you chose to handle this. That was a factual issue. There was a request for admission, whether he, in fact, did file or did not file. We said you did not file. The request for admission says denied. But isn't the theory if there is a good condition precedent in asserting their claim, they have to allege that they have abided by that condition precedent, and the failure to make that allegation exposes them to an argument that they've never stated a good claim, and that was sort of your theory, was it not? The primary theory that we were addressing last time, obviously, was whether it was a protected right. Right. The condition precedent only needs to be pled generally, at least in terms of that. Now, whether referring to the CBA was sufficient to say, well, okay, you know, that sort of by implication meant, well, I did everything I was supposed to do in there. So I don't, in a 12B6 motion, we raised it, but, again, that's just whether the complaint stated it or didn't state it. You could have found in reading the decision that what he stated in his complaint generally was general enough to say, yeah, you know, he pled a condition precedent. You know, was it a lot? No, it wasn't a lot, but it could have been determined that because was this a 12B6, whether or not he actually. I think the problem goes the other way, which is that you didn't object in Kluge 1 on this ground to whether he stated a condition precedent. Your position in Kluge 1, as I understood it, was the recall right did not create a property right. That's true. Okay. You did not say at the time, in any direct way, unless you're contending that you did, that even if it is a recall right, there was no property right because he didn't satisfy the condition precedent. Well, it's in our answer. Our answer we denied in our answer that, in fact, that's part of the answer of the complaint. He met that condition. So, basically, that position was preserved. Kluge 1 just didn't resolve it. Therefore, it comes back, and so you haven't waived it. No, I haven't waived it. We deserted it in our answer, and because of the denial and the request for admission, we couldn't in a 12B6 motion say whether he did or he didn't. And so that's really where we would go. Now, on the issue here about the ambiguity, could you just explain to me how it can be that there's not at least an ambiguity when the second sentence specifically refers to something as a condition precedent and the first one doesn't? I think that second one sort of you can look backwards on that, you know, is it the best artful language? No. But doesn't that suggest there's an ambiguity which would be resolved by looking at facts about what actually was intended, whether there's an argument that no one would have thought that this first thing, even though it's a good practice to provide the filing, that it's necessary in order to get the recall right if you already have the address in the town? I think when it says you shall file, and it would not be unusual in a situation where there's a recall to have people put on a sign-up sheet. If you want to be recalled, they can't recall, you know, call everybody back. Those individuals who want to be recalled would sign up on a sign-up sheet. If you want to be recalled, you should, you know, submit an updated medical record or whatever was required. I mean, you make those the conditions if you want to be on the list. That's not my question. If the town had done that clearly, then there would be no ambiguity. But instead what the town did was say, file this, and then you shall be obligated as a condition precedent only as to the next thing. So why isn't there at least an ambiguity whether the town was saying, the thing we're most worried about is if we don't know where you are going forward because you move, how can you get your recall right? Which is very different than saying in order to sign up, you have to assert an interest in a recall right. The language does not say that. Well, it says you shall file. True, and then it doesn't say it's a condition precedent. What it says is a condition precedent is the concern that they might have moved and you couldn't find them. Well, it doesn't say it, but it places an affirmative obligation on the individual to file something and file whether you handed the clerk something, that list of who wants to be recalled. That's the whole purpose for shall file. Well, that's the kind of thing we could find out from factual development, whether that's the whole purpose, right? Well, doesn't it – I think it's – Let me just say as a follow-up to Judge Barron's question, if that first sentence doesn't lend itself to the condition precedent argument, then perhaps there's an issue of substantial compliance with the filing requirement. Perhaps one could argue that, well, they already had a personnel file with a name and address, so there was substantial compliance, particularly if – I mean, the district court sort of imposed, it seemed to me, a rationale for that first sentence. It said, well, it makes sense to require that, because that way the town will know that the employee is interested in asserting this right to recall. But there's – that rationale does not appear in the provision itself. I mean, the district court seemed to be trying to explain why it would make sense to treat this as a condition precedent. But where does that rationale come from? It's not apparent in the language. I think when you look at the – you always look at the intent and purpose behind the language of a contract, and that's all they were doing is looking at the intent and purpose of that particular language. I think you have to do that with every contract, and that's what they did. And that's a purely legal question? I think it is. I think it can be resolved without any facts. It's – you can – the court can interpret from the contract, if they find it sufficient to determine the intent and purpose of it. So I think if they have enough, then, yeah, they can do it as a matter of law. Anything else? Mr. Koslow, Mr. Glasser, after you've had a chance to reflect on oral argument, if there's any interest on the part of the parties in participating in our camp program again, I'm sure the mediator stands ready. Just let the clerk know. Before we get too far into this, it would be great if you could make a decision on that. But you don't need to notify us if you're not interested. Thank you so much. The three of us will never find out anyway. Thank you so much. Thank you.